**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 12, 2013

Lyle W. Cayce
Clerk

No. 12-20616

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHNNY SANCHEZ CRUZ, also known as Juan Sanchez,
also known as Johnny Sanchez, also known as Juan Ray Cruz,
also known as Johnny Ray Sanchez, also known as Johnny Sanchez-Cruz,
also known as Juan Edmondo Cruz,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-411

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Sanchez Cruz appeals his sentence based on revocation of the release terms from a prior conviction. Finding no error, we AFFIRM.

## BACKGROUND

Upon pleading guilty to illegal reentry in 2010, Appellant was sentenced to two years imprisonment and three years of supervised release. After being

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 12-20616

deported, Cruz again reentered the country illegally and subsequently committed a Class A misdemeanor in Harris County. This misdemeanor violated his release terms and the federal government asked the district court for revocation of the supervised release.

During the sentencing hearing, the fact arose that Cruz was not being prosecuted for illegal reentry. At one point the court said, "[I]f the government's not going to prosecute him for illegal reentry, I don't think that there's any other choice but that I give him the high end of the guidelines range." Later the judge stated, "[T]he government's not going to do anything about the fact that he illegally reentered the United States. So . . . the only thing I can do is just give him some time in jail, he'll think, well, maybe I won't come back again, because . . . maybe they'd find me again and then I would be prosecuted." The court then sentenced Cruz to the Guideline maximum of 14 months, stating that such a sentence would address the "objectives of punishment, incapacitation, and deterrence in accordance with United States Sentencing Guidelines Section 3553(c)." Cruz timely appealed.

## DISCUSSION

Sentences imposed upon revocation of supervised release are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). This court will first assess whether the district court committed procedural error and then consider "the substantive reasonableness of the sentence under an abuse-of-discretion standard. If a sentence is unreasonable, then [the court] consider[s] whether the error was obvious under existing law." *Id.* (internal quotation marks and citation omitted).

In revoking a supervised release, the district court must focus on factors such as the history and characteristics of the defendant, § 3553(a)(1), and deterrence, § 3553(a)(2)(B), rather than punishment. *Miller*, 634 F.3d at 844. Appellant charges that the district court imposed a plainly unreasonable

sentence by adopting a top-of-the-range sentence in response to the government's failure to prosecute for illegal reentry.  He also claims that the court violated *Miller* by relying on punishment as a factor in setting the revocation sentence. *See* 18 U.S.C. § 3583(e); *Miller*, 634 F.3d at 844.[1]

Appellant's claims fail for two reasons.  First, there is no indication the sentence was a retaliation for the lack of illegal reentry prosecution.  Second, and relatedly, though the court perfunctorily listed punishment as a sentencing factor near the end of the hearing, there is no evidence to show it was actually a motivating factor in the outcome.  In this case, Cruz's long history of recidivism and his apparent propensity to illegally enter the United States were both appropriate considerations and adequate justifications for the sentence.  The court's focus on deterrence defeats Appellant's arguments and shows that the within-Guidelines sentence was not plainly unreasonable.

It is of no consequence that the court referenced the government's non-prosecution of the illegal reentry.  Even though the comments coincide with a decision to employ a top-of-the-Guidelines sentence, only one rationale is offered: "So . . . the only thing I can do is just give him some time in jail, he'll think, well, maybe I won't come back again, because . . . maybe they'd find me again and then I would be prosecuted."  Upon learning there would be no additional jail time from an illegal reentry prosecution that might help dissuade Cruz from repeating his actions, the court reasonably chose to provide Cruz with the longest available opportunity for reflection on this point.  Prevention of subsequent lawbreaking is a legitimate objective and it is spurious to say that

---

[1] The actual objection at the hearing was that (1) the sentence was greater than necessary to achieve the sentencing goals; (2) it focused too much on deterrence; and (3) it relied on the government's failure to prosecute Cruz for illegal reentry.  No objection was made at that time to punishment being considered as a factor; this triggers plain error review. Because it is more plausible that the court's decision was based on deterrence than punishment, the error is certainly not plain.  *See United States v. Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007).

No. 12-20616

the 14-month sentence focused too much on deterrence. Far from being unreasonable, the court's words reveal a clear desire to deter future action rather than a punitive focus on the defendant deserving the sentence.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.