# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 1, 2011

No. 09-11063

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, JOLLY, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Donald Miller ("Miller") appeals the district court's imposition of a sixty-month sentence following the revocation of his supervised release term. Miller argues that his sentence is procedurally and substantively unreasonable because the trial court erroneously considered factors listed in 18 U.S.C. § 3553(a)(2)(A). For the reasons stated below, we AFFIRM the district court.

I

Miller pleaded guilty in 2003 to possession with intent to distribute 30 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The trial

No. 09-11063

court[1] sentenced him to eighty-seven months of imprisonment followed by a five-year term of supervised release. In September 2009, the Government moved to revoke Miller's supervised release, arguing that Miller had violated the terms of his release by possessing cocaine and by driving while intoxicated (DWI) with an open container. The Government later waived the DWI allegation. The district court determined that Miller's criminal history category was III and that the Grade C violation, possession of cocaine, resulted in an imprisonment term of five to eleven months under § 7B1.4 of the Sentencing Guidelines. The district court departed from the Guideline's imprisonment range and imposed a prison term of sixty months, the statutory maximum. The court reasoned the sentence was appropriate because the original sentencing court had given Miller "a substantial break," Miller had "no respect for the law," and the violation was essentially "the same type of offense" for which Miller was convicted. In reaching this decision, the court also considered Miller's history and characteristics, the seriousness of the offense, and the need for deterrence.

Miller objected, arguing the sentence was procedurally and substantively unreasonable due to the factors relied on by the district court. That court overruled the objection and Miller appealed to us.

II

Miller's appeal presents two issues. First, he argues that his sentence requires our adoption of a standard of review for the revocation or modification of a supervised release term. Second, he asserts that the district court erred by relying on § 3553(a)(2)(A), which is not listed as one of the factors permitted for consideration under § 3583(e), the statute governing modification or revocation of supervised release terms.

---

[1] Miller pleaded guilty in the Southern District of Texas. His case was transferred to the Northern District of Texas when he moved to Cross Plains, Texas.

No. 09-11063

Prior to *United States v. Booker*, 543 U.S. 220 (2005), we reviewed the revocation of sentences under a "plainly unreasonable" standard as described in 18 U.S.C. §§ 3742(a)(4) and (e)(4). *See United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000). *Booker* rendered the Sentencing Guidelines advisory, and directed courts to review sentences under a reasonableness standard. 543 U.S. at 259–62. Because *Booker* considered a Guidelines sentence imposed pursuant to a conviction, it was unclear whether *Booker's* reasonableness standard applied to the appellate review of supervised release terms. This question has resulted in a split among circuits. Some courts have adopted or declined to adopt the reasonableness standard. *Compare United States v. Flemming*, 397 F.3d 95, 99 (2nd Cir. 2005), *and United States v. Miqbel*, 444 F.3d 1173, 1176 n.5 (9th Cir. 2006) (both adopting reasonableness standard), *with United States v. Crudup*, 461 F.3d 433, 437–39 (4th Cir. 2006), *and United States v. Kizeart*, 505 F.3d 672, 674–75 (7th Cir. 2007) (both holding that *Booker* had not invalidated the "plainly unreasonable" standard). Other circuits have held that the two standards are virtually identical. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005). We have not reached a definitive position, although we have indicated our preference for the "plainly unreasonable" standard. *United States v. Hernandez-Martinez*, 485 F.3d 270 (5th Cir. 2007).

We now adopt the standard discussed in *Hernandez-Martinez,* in which we agreed with the Fourth Circuit's holding that *Booker* had not abrogated § 3742(a)(4).[2] *Hernandez-Martinez*, 485 F.3d at 273; *Crudup*, 461 F.3d at 437. Under the terms of § 3742, it would be illogical to allow the appeal of a sentence as "unreasonable," when § 3742(a)(4) permits for an appeal only if a sentence is

---

[2] In *Booker*, the Court held that defendants sentenced to supervised release appeal pursuant to § 3742(a)(4) because supervised release sentences are "imposed where there [i]s no applicable Guideline." 543 U.S. at 262.

3

No. 09-11063

"plainly unreasonable." § 3742(a)(4)*; see also Hernandez-Martinez*, 485 F.3d at 273; *Crudup*, 461 F.3d at 437. The "plainly unreasonable" standard is also proper given that the goal of revocation is to punish a defendant for violating the terms of the supervised release. Under the Guideline's commentary and statutory provisions, this aim differs from the objectives outlined for the imposition of an original sentence. Due to these distinctly different goals, the use of different reviewing standards is appropriate. *Hernandez-Martinez*, 485 F.3d at 274. In addition, the Guideline's non-binding policy statements regarding sentence revocation demonstrate that the Sentencing Commission intended "to give district courts substantial latitude in devising revocation sentences" for defendants who violate the terms of supervised release. *Crudup*, 461 F.3d at 438. It is appropriate to permit a more deferential standard of review for the imposition of a new sentence after a court revokes a supervised release term.

Under the plainly unreasonable standard, we evaluate whether the district court procedurally erred before we consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotations omitted). If a sentence is unreasonable, then we consider whether the error was obvious under existing law. *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

III

Our review of Miller's sentence revocation under the plainly unreasonable standard requires consideration of the district court's reliance on § 3553(a)(2)(A) during sentencing. Miller asserts that because § 3583(e) omits the factors discussed in § 3553(a)(2)(A), the district court erred by stating that the sixty-month sentence was warranted due to Miller's lack of "respect for the law."

Section 3583(e) states that a district court must consider factors outlined in "section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)."

4

No. 09-11063

Missing from this list is § 3553(a)(2)(A), which allows a court to impose a sentence that reflects "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Because § 3583(e) does not forbid reliance on § 3553(a)(2)(A), a circuit split has emerged. *Compare Miqbel*, 444 F.3d at 1182, *and Crudup*, 461 F.3d at 439 (both holding that a district court may not consider § 3553(a)(2)(A)), *with United States v. Lewis*, 498 F.3d 393, 399–400 (6th Cir. 2007) (permitting consideration of § 3553(a)(2)(A) under § 3583(e)).

We agree with the Fourth and Ninth Circuits and hold that it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term. *See Crudup*, 461 F.3d at 438–39; *Miqbel*, 444 F.3d at 1181–1183. When sentencing a defendant under § 3583(e), a district court may not consider § 3553(a)(2)(A) because Congress deliberately omitted that factor from the permissible factors enumerated in the statute. *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or inclusion."); *see also Miqbel*, 444 F.3d at 1182.

Here, the district court erred by determining that Miller's sentence was appropriate due to the "seriousness of the offense," and Miller's lack of "respect for the law." The Government correctly asserts that the district court listed additional factors enumerated under § 3583(e). But, as the sentencing transcript demonstrates, the district court repeatedly stated that it was Miller's lack of "respect for the law" that warranted the sixty-month imprisonment term. Thus, the court clearly considered § 3553(a)(2)(A) and in doing so, that court erred.

Despite this mistake, the district court's error was not plainly unreasonable. When the district court sentenced Miller, our circuit's law on this

question was unclear and therefore, that court's consideration of § 3553(a)(2)(A) was not an obvious error. *See United States v. Combs*, No. 10-10175, 2010 WL 4872252 (5th Cir. Nov. 30, 2010) (stating that we had not determined whether § 3583(e) precludes consideration of § 3553(a)(2)(A)); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding that because of unsettled case law, district court's error was not obvious and therefore, not plain).

## IV

Accordingly, we AFFIRM the district court's judgment.