# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2011

No. 11-10504
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO IBANEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-85-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alfonso Ibanez appeals the 24-month sentence that was imposed on revocation of his term of supervised release. The sentence is the statutory maximum and exceeds the recommended guideline range of three to nine months.

Ibanez claims that the district court plainly erred in basing his sentence on a factor that we have held is barred from consideration by 18 U.S.C. § 3583(e). *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), *cert.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*denied*, __ S. Ct.__, 2011 WL 2148772 (Oct. 31, 2011).  He asserts that the reason given by the district court in imposing the 24-month sentence — that the court believed that Ibanez had "very little respect for his legal obligations" — reflects that the district court improperly relied on the need to "promote respect for the law," a factor listed in 18 U.S.C. § 3553(a)(2)(A), which we held in *Miller* is prohibited from consideration under § 3583(e).

We generally review a sentence imposed on revocation of supervised release if it is "plainly unreasonable" rather than merely "unreasonable," as is the standard of review for other criminal sentences.  *See id.* at 843.  When specific claims of procedural error raised on appeal were not raised in the district court, as however, our review is for plain error only.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  Even though Ibanez objected to his sentence as "unreasonable," he did not object to his sentence on the ground that the district court considered a prohibited factor in imposing his sentence.  Thus, our review of his sentence is for plain error only.  *See id.*  To establish plain error, Ibanez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).

In *Miller*, which was decided before Ibanez's revocation hearing, we held that it is improper for a district court to rely on § 3553(a)(2)(A), which permits a sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.  *Miller*, 634 F.3d at 844.  Here, the record reflects that revocation of Ibanez's supervised release was mandated by § 3583(g) because he violated express conditions of his supervised release by possessing a controlled substance and refusing to comply with drug testing.  *See* § 3583(g).  Section 3583(g) does not expressly invoke the sentencing factors of § 3553(a) or the limits imposed by the first clause of § 3583(e).  *See* § 3583(g); *United States v. Giddings*, 37 F.3d

1091, 1095 (5th Cir. 1994) (noting that a court need not consider § 3553(a) when revocation is mandated by § 3583(g)).  Thus, Ibanez cannot show that it is "clear or obvious" that a sentence imposed when revocation of supervised release is mandatory must be limited by § 3583(e).  *Cf. United States v. Larison*, 432 F.3d 921, 923 n.3 (8th Cir. 2006) (observing that the district court's sentencing decision is not constrained by the factors specifically enunciated in § 3583(e) when revocation is mandated by § 3583(g)).  Even if Ibanez's revocation were limited by the factors listed in § 3583(e), he has not demonstrated that the district court's statement that it believed that Ibanez had "little respect for his legal obligations" constituted a clear and obvious error, as that statement was made in the context of Ibanez's failure to comply with the obligations under the terms and conditions of his supervised release.

As Ibanez acknowledges, his contention that his sentence should be reviewed for reasonableness instead of "plain unreasonableness," is foreclosed by *Miller*.  In any event, he asserts that his sentence is "plainly unreasonable" in light of his ongoing battle against drug addiction and his forthright admissions regarding his drug usage.  There is nothing in the record to suggest that the 24-month sentence imposed in this case failed to account for a factor that should have received significant weight or gave significant weight to an irrelevant or improper factor, *see United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Neither is the sentence, which does not exceed the statutory maximum, *see* § 3583(e)(3), plainly unreasonable.  *See Miller*, 634 F.3d at 843.

The judgment of the district court is AFFIRMED.