**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2012

Lyle W. Cayce
Clerk

No. 11-11073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY HOLMES, also known as Blue,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-89-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Corey Holmes appeals the sentence imposed following the revocation of his supervised release on the basis, inter alia, that he possessed a controlled substance and failed to submit to drug testing. The district court imposed a 24-month sentence to "serve as punishment and deterrence as well as protection of the public from further criminal activity." Holmes contends that the court erred in light of *United States v. Miller*, 634 F.3d 841, 844 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). We review for plain error because Holmes failed to preserve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the purported *Miller* error in the district court.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

In *Miller*, we held that it is improper for a district court to rely on the 18 U.S.C. § 3553(a)(2)(A) factors, which include punishment, for the modification or revocation of a term of supervised release because Congress deliberately omitted that subsection from the first clause of 18 U.S.C. § 3583(e).  634 F.3d at 844.  Unlike the revocation under § 3583(e) at issue in *Miller*, the revocation of Holmes's term of supervised release was mandated by 18 U.S.C. § 3583(g).  Because § 3583(g) does not expressly invoke the § 3553(a) factors or the limits imposed by the first clause of § 3583(e), we find no clear or obvious error under *Miller*.  *See United States v. Giddings*, 37 F.3d 1091, 1095-97 (5th Cir. 1994); *see also United States v. Ibanez*, 454 F. App'x 328, 330 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1981 (2012).

The judgment of the district court is AFFIRMED