**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

Lyle W. Cayce
Clerk

No. 11-11112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAROLD ELLSWORTH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-30-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darold Ellsworth appeals the 18-month sentence that was imposed on revocation of his term of supervised release. Ellsworth argues that the district court improperly considered the factor of punishment in 18 U.S.C. § 3553(a)(2)(A) as a basis for imposing a sentence substantially higher than the policy statement required. He asserts that the district court indicated that it was issuing a sentence based in part upon punishment, which improper consideration likely exerted upward pressure on the sentence. Ellsworth states

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court "meant it was punishing him for his technical violations of supervised release, a factor plainly forbidden by this Court to consider."

We review a sentence imposed on revocation of supervised release to determine if it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). In *Miller*, we held that it is improper for a district court to rely on § 3553(a)(2)(A), which permits a sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release. *Miller*, 634 F.3d at 844.

In response to Ellsworth's objection, the district court clarified the context in which it used the term "punishment," meaning punishment for violating the terms of his supervised release. As the Government correctly notes, "the goal of revocation is to punish a defendant for violating the terms of the supervised release." *Miller*, 634 F.3d at 843. The district court's reference to punishment did not amount to an improper consideration of the just punishment factor of § 3553(a)(2)(A) that we held was improper in *Miller*.

Further, Ellsworth's supervised release was revoked under § 3583(e) and (g), because one of the violations to which he pleaded true was failure to comply with the drug testing requirement, a mandatory revocation violation under § 3583(g)(3). Section 3583(g) does not expressly invoke the sentencing factors of § 3553(a) or the limits imposed by the first clause of § 3583(e). *See* § 3583(g); *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir.1994) (noting that a court need not consider § 3553(a) when revocation is mandated by § 3583(g)). Ellsworth has not shown that the district court procedurally erred because when revocation of supervised release is mandatory under § 3583(g), the factors a sentencing court may consider is not limited by § 3583(e). *See United States v. Larison*, 432 F.2d 921, 923 n.3 (8th Cir. 2006); *cf. United States v. Holmes,* 473 F. App'x 400, 401 (5th Cir. 2012) (reviewing for plain error); *United States v.*

*Ibanez*, 454 F. App'x 328, 330 (5th Cir. 2011) (same), *cert. denied*, 132 S. Ct. 1981 (2012).

The judgment of the district court is AFFIRMED.