**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2012

Lyle W. Cayce
Clerk

No. 11-41172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN OLVERA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:08-CR-905-8

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Olvera, federal prisoner # 90958-179, appeals the twenty-seven-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month term of supervised release ("SR") after the revocation of his initial SR. He contends that the sentence is plainly unreasonable, because the district court considered the factors in 18 U.S.C. § 3553(a)(2)(A) and also considered his need for substance-abuse treatment, contrary to *Tapia v. United States,* 131 S. Ct. 2382 (2011). Because Olvera did not object, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Although in *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011), we held that it was "improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term," the revocation in *Miller* arose under 18 U.S.C. § 3583(e). *Miller*, 634 F.3d at 844. The revocation of Olvera's SR was mandated by § 3583(g), because he admitted that he had possessed controlled substances. *See* § 3583(d), (g)(1). Because § 3583(g) "does not expressly invoke the sentencing factors of § 3553(a) or the limits imposed by the first clause of § 3583(e)," the consideration of § 3553(a)(2)(A) when revoking a SR term pursuant to § 3583(g) was not clear or obvious error. *See United States v. Holmes,* 473 F. App'x 400, 401 (5th Cir. 2012); *United States v. Wilson*, 460 F. App'x 351, 352 (5th Cir.), *cert. denied*, 132 S. Ct. 2759 (2012); *United States v. Ibanez*, 54 F. App'x 328, 329-30 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1981 (2012).

Relying on *Tapia*, 131 S. Ct. at 2391, Olvera argues that the court erred in imposing a sentence in response to his need for rehabilitation, urging that a court cannot impose or lengthen a sentence to promote an offender's rehabilitation. Olvera points out that the district court's comments about the need for treatment made it clear that it imposed the term of SR based on rehabilitation considerations.

In *Tapia, id.* at 2388, the Court noted that 18 U.S.C. § 3582(a) instructs the district courts, in determining whether to impose a term of imprisonment, to recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation." The district court stated that Olvera's three-month

term of imprisonment was based on the nature of the alleged violations of SR and the fact that Olvera had not committed another crime.  There was no indication that the court considered Olvera's rehabilitation needs in determining the term of imprisonment.  The order that Olvera participate in a substance-abuse treatment program was a special condition of his term of SR. Thus, the court did not act contrary to *Tapia* in imposing imprisonment.

In *Tapia* the Court also recognized that Congress had chosen to pass statutes that affirmatively instructed the district courts, when imposing probation or SR, that they could consider ordering a defendant to participate in a training or treatment program.  *Tapia,* 131 S. Ct. at 2390; *see* 18 U.S.C. §§ 3562(a), 3563 (a)(4), 3583(c), 3553(a)(2)(D), (b)(9).  Pursuant to those statutes, the district court was authorized to consider Olvera's need for substance-abuse treatment in determining the term of SR on revocation of his SR.  The district court did not plainly err in ordering treatment as a condition of Olvera's SR.  *See Puckett*, 556 U.S. at 135.

The revocation sentence is AFFIRMED.