# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2013

Lyle W. Cayce
Clerk

No. 10-11152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTOINE T. DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
(01-CR-136)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On December 21, 2011, we affirmed the district court's revocation of Davis's terms of supervised release for his convictions of possession with intent to distribute cocaine base and possession of a firearm by an unlawful user of controlled substances. We held that "the split amongst the circuit courts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals on the issue" of whether it is improper for a district court to rely on 18 U.S.C. § 3553(a)(2)(A) for the modification or revocation of a supervised release term, "rendered any consideration of the § 3553(a)(2)(A) factors neither clear nor obvious legal error." *United States v. Davis*, 454 F. App'x 383, 385 (5th Cir.) (per curiam) (unpublished)).   The Supreme Court vacated and remanded our judgment for further consideration in light of *Henderson v. United States*, 133 S. Ct. 1121 (2013).  In *Henderson*, the Supreme Court held that an error is plain within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure when the error is plain at the time of appellate review.  *Id.* at 1124–25.

On remand, Davis contends that this court should vacate the district court's judgment and remand for re-sentencing because our decision in *United States v. Miller*, 634 F.3d 841 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011)*, makes it "plain" that the district court improperly considered "punishment" under § 3553(a)(2)(A), when it imposed sentence on Davis after revoking his terms of supervised release.  The government responds that Davis's supervised release terms were revoked, in part, under 18 U.S.C. § 3583(g), which does not limit the sentencing factors a court may consider in fashioning a sentence.  For the following reasons, we agree with the government that the district court could consider § 3553(a)(2)(A), and thus affirm the district court's judgment.

In 2002, Davis pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (Count 1), and possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) (Count 3).  The district court imposed an aggregate sentence of 110 months' imprisonment, which was later reduced to 97 months pursuant to 18 U.S.C. § 3582(c)(2).  The district court also imposed a four-year term of supervised release as to Count 1, and a concurrent three-year term of supervised release as to Count 3.  Davis began serving his terms of supervised release on December 22, 2008.

The district court subsequently revoked supervised release after finding that Davis had knowingly possessed, with intent to deliver, cocaine, and failed

to report to the probation office in August 2010. Davis was sentenced to 36 months' imprisonment on Count 1, and 24 months' imprisonment on Count 3, to be served consecutively. In imposing sentence, the district court stated that it was sentencing Davis "for the purposes of punishment and deterrence, as well as meeting the other factors as set forth in [18 U.S.C. § 3553(a)]."

Because Davis only generally objected to the reasonableness of his sentence, we review his sentence for plain error only.[1] *See United States v. Dunigan,* 555 F.3d 501, 506 (5th Cir. 2009). To show plain error, an appellant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If an appellant makes such a showing, we have discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We need not decide whether to exercise our discretion because we find that Davis has failed to show plain error.

"To be 'plain,' legal error must be 'clear or obvious, rather than subject to reasonable dispute.'" *United States v. Castillo-Estevez*, 597 F.3d 238, 241 (5th Cir. 2010) (quoting *Puckett*, 556 U.S. at 135). Although our decision in *Miller* had not issued at the time the district court sentenced Davis, *Henderson* makes clear that we must consult *Miller* as the controlling statement of law at the time of appellate review. *See Henderson*, 133 S. Ct. at 1124–25. In *Miller*, we held that a district court could not consider § 3553(a)(2)(A) in revoking a supervised release term under 18 U.S.C. § 3583(e), "because Congress deliberately omitted that factor from the permissible factors enumerated in the statute." 634 F.3d at 844. Section 3583(e) provides that a court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release." 18 U.S.C. § 3583(e). Accordingly,

---

[1] Davis continues to argue that, by challenging the reasonableness of his sentence, his appeal should be reviewed under a "plainly unreasonable" standard. However, Davis did not object on the ground that the district court had considered a prohibited factor in imposing sentence. Plain-error review thus is appropriate. *See United States v. Whitelaw,* 580 F.3d 256, 259–60 (5th Cir. 2009).

a district court imposing sentence after revoking a supervised release term under § 3583(e) may not consider the sentence's need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Nevertheless, our holding in *Miller* does not extend beyond § 3583(e). 634 F.3d at 844. In particular, it does not reach sentences imposed under § 3583(g). Pursuant to that statute, "[i]f the defendant . . . possesses a controlled substance in violation of" his conditions of supervised release, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment." 18 U.S.C. § 3583(g). We have held that "when revocation of supervised release is mandatory under . . . § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *United States v. Giddings*, 37 F.3d 1091, 1095 (5th Cir. 1994).

Here, the district court granted the government's motion to revoke supervised release under § 3583(e) and (g). First, the court revoked supervised release under § 3583(e) because Davis failed to report to probation. Second, because under the terms of his supervised release, Davis was prohibited from unlawfully possessing a controlled substance, his supervised release terms were mandatorily revoked under § 3583(g) upon the district court's finding that he had possessed cocaine. Although the district court could not consider § 3553(a)(2)(A) in revoking supervised release and imposing sentence under § 3583(e) for Davis's failure to report, the court was not so constrained in revoking supervised release and imposing sentence under § 3583(g) for possession. *See id.* at 1095–97; *see also United States v. Olvera*, 491 F. App'x 488, 488–89 (5th Cir, 2012) (per curiam) (unpublished) (consideration of § 3553(a)(2)(A) was not clear or obvious error where revocation of supervised release was mandated by § 3583(g)); *United States v. Ibanez*, 454 F. App'x 328, 329–30 (5th Cir. 2011) (per curiam) (unpublished).

Because the district court statutorily was required to revoke Davis's supervised release terms upon finding that he had been in possession of a

controlled substance, *Miller* did not prohibit the court from considering § 3553(a)(2)(A), including "just punishment." *See United States v. Wilson*, 460 F. App'x 351, 352 (5th Cir. 2012) (per curiam) (unpublished) ("Because § 3583(g) does not expressly invoke the § 3553(a) factors or the limits imposed by the first clause of § 3583(e), we find no clear or obvious error under *Miller*."). That Davis's supervised release terms were revoked not only for possession, but also because he failed to report to probation, does not alter our conclusion. *See United States v. Ellsworth*, 490 F. App'x 663, 663–64 (5th Cir. 2012) (per curiam) (unpublished) (district court did not err in considering § 3553(a)(2)(A) factor where supervised release was revoked under § 3583(e) and (g)).

The judgment of the district court is AFFIRMED. The government's motion for summary disposition is DENIED as moot.