**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

Lyle W. Cayce
Clerk

No. 12-41398
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS FLORES-GAYTAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1712-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcos Flores-Gaytan (Flores) appeals his statutory-maximum 36-month revocation sentence after he violated conditions of his supervised release requiring that he not (1) unlawfully possess a controlled substance, (2) purchase, possess, use, distribute, or administer any controlled substance except as prescribed by a physician, (3) possess a firearm, or (4) commit another federal, state, or local crime.  His guidelines range was eight to 14 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review revocation sentences under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). To satisfy this standard, Flores must establish, inter alia, that the district court committed an error that was "obvious under existing law." *Id.* An error is obvious under existing law if it would be considered clear or obvious error under the plain error standard of review. *Id.* (citing *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009)).

Even if he objected sufficiently to preserve his arguments that the district court imposed a plainly unreasonable sentence, both procedurally and substantively, by citing the need for punishment as a sentencing factor, the arguments lack merit; because his supervised release was revoked pursuant to both 18 U.S.C. § 3583(e) and (g), the district court was free to consider the 18 U.S.C. § 3553(a)(2)(A) factors. *See United States v. Davis*, --- F. App'x ---, No. 10-11152, 2013 WL 3227275, at *2-*3 (5th Cir. May 17, 2013), *petition for cert. filed* (Aug. 15, 2013) (No. 13-5905); *United States v. Ellsworth*, 490 F. App'x 663, 664 (5th Cir. 2012) (citing, inter alia, *United States v. Larison*, 432 F.3d 921, 923 n.3 (8th Cir. 2006)); *United States v. Ibanez*, 454 F. App'x 328, 329-30 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1981 (2012). Although we reviewed the revocation sentences in *Davis* and *Ibanez* for plain error rather than under the plainly unreasonable standard, we held in each case that a district court does not clearly or obviously err by considering the § 3553(a)(2)(A) factors in imposing a sentence pursuant to § 3583(g). *See Davis*, 2013 WL 3227275, at *3; *Ibanez*, 454 F. App'x 328, 329-30. Those holdings support our conclusion that Flores cannot show that the district court committed an error that is obvious under existing law by considering the § 3553(a)(2)(A) factors. *See Miller*, 634 F.3d at 843 (citing *Dunigan*, 555 F.3d at 506).

Because he did not specifically raise it below, we review for plain error Flores's argument that the district court committed procedural error by failing to explain his sentence adequately. *See United States v. Mondragon-Santiago*,

564 F.3d 357, 361 (5th Cir. 2009). Since he does not attempt to show that the district court clearly erred, that the alleged error affected his substantial rights, or that the alleged error seriously affected the fairness, integrity, or public reputation of the proceedings, he fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Mondragon-Santiago*, 564 F.3d at 361.

AFFIRMED.