# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

No. 13-40183
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO URBINA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-450-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Benito Urbina appeals from his sentence following the revocation of his term of supervised release. His only contention is that the district court impermissibly considered the need to promote respect for the law and the need for just punishment when imposing sentence.

Because Urbina failed to object in the district court, our review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prevail under the plain error standard, Urbina "must show an error that is clear or obvious and affects his substantial rights." *Id*. at 260. If he makes such a showing, we may exercise our discretion to correct the error, "but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Among the factors a district court should consider when imposing sentences generally is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The factors in subsection (a)(2)(A), however, are not listed among the factors that a district court should consider when deciding whether to revoke a term of supervised release and impose sentence pursuant to 18 U.S.C. § 3583(e). *See* § 3583(e). "[I]t is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

In *Miller*, however, we addressed a revocation and sentencing pursuant to § 3583(e). *Miller*, 634 F.3d at 844. Urbina's revocation and sentencing was based in part on an allegation that he used and possessed cocaine. Revocation of release and imposition of a sentence of imprisonment were mandatory pursuant to § 3583(g), which does not list or omit any of the § 3553(a) sentencing factors. *See* § 3583(g). We have not found clear or obvious error when a district court has considered the factors set out at § 3553(a)(2)(A) in revocations that are governed in whole or in part by § 3583(g). *United States v. Holmes*, 473 F. App'x 400, 401 (5th Cir. 2012); *United States v. Wilson*, 460 F. App'x 351, 352 (5th Cir.), *cert. denied*, 132 S. Ct. 2759 (2012); *United States v. Flores-Gaytan*, ___ F. App'x ___, No. 12-41398, 2013 WL 5670855, at *1 (5th Cir. Oct. 18, 2013) (unpublished); *United States v. Davis*, ___ F. App'x ___, No.

No. 13-40183

10-11152, 2013 WL 3227275, at \*2-\*3 (5th Cir. May 17, 2013) (unpublished), *cert. denied*, 134 S. Ct. 349 (2013).     Although the cases on point are unpublished, they are "highly persuasive because [this court] explicitly rejected the identical argument that [Urbina] advances here." *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011).

AFFIRMED.