# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60278
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN B. SYKES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:06-CR-36-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Melvin B. Sykes appeals the statutory maximum 24-month sentence imposed upon revocation of his supervised release, arguing that it is both procedurally and substantively unreasonable. Because he preserved his appellate argument by objection below, we review the sentence imposed under the deferential plainly unreasonable standard, employing a two-step process. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). First, we ensure

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not commit significant procedural error; if there is no significant procedural error, we review the substantive reasonableness of the sentence under an abuse-of-discretion standard, "examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).

According to Sykes, the district court committed procedural error by failing to explain its reasons for the chosen sentence, specifically failing to offer reasons for rejecting his arguments in mitigation of sentence. He is mistaken. The district court listened to Sykes's arguments in mitigation but also considered other relevant sentencing factors, including his personal history and characteristics and the need to protect the public. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), and (a)(2)(D). Although the court did not explicitly state that it had done so, the record makes clear that it considered and rejected Sykes's mitigation arguments in light of the other factors, and more extensive reasons were not required. *See Rita v. United States*, 551 U.S. 338, 359 (2007).

Sykes alternatively contends that his sentence was substantively unreasonable. He complains that the court did not give adequate weight to his mitigation arguments and erroneously considered an improper sentencing factor, the fifth charged violation. Sykes's argument that the district court improperly considered the fifth charged violation is not well-taken as the record shows that the court declined to consider the charge after determining that there was insufficient proof to support it.

The district court acted within its statutory authority by imposing a 24-month sentence. *See* 18 U.S.C. § 3583(e)(3); *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008). Sykes's appellate argument is essentially an attempt to have this court reweigh the § 3553(a) factors, which we will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Miller*, 634 F.3d at 483. In

light of the facts of the case, Sykes has not shown that it was a clear error of judgment for the district court to give greater weight to his personal history and characteristics and the need to protect the public than to his arguments in mitigation.  *See Warren*, 720 F.3d at 332.  Accordingly, he has failed to show an abuse of discretion on the district court's part, and the district court's judgment is AFFIRMED.