# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN ALBERT CERDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-230-2

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

John Albert Cerda appeals from his 24-month sentence following the revocation of his term of supervised release. He contends that his sentence is plainly unreasonable because the district court impermissibly considered the need to promote respect for the law and the need for just punishment when imposing sentence and failed to consider his history and characteristics and the policy statement recommending an 8-to-14-month sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Cerda did not suggest to the district court that it had relied on an impermissible factor and failed to consider other factors or the policy statements, we review for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  To prevail under the plain error standard, Cerda "must show an error that is clear or obvious and affects his substantial rights." *Id.* at 260.  If he makes such a showing, this court may exercise its discretion to correct the error, "but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Among the factors a district court should consider when imposing sentences generally is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."   18 U.S.C. § 3553(a)(2)(A).   The factors in subsection (a)(2)(A), however, are not listed among the factors that a district court should consider when deciding whether to revoke a term of supervised release and impose sentence pursuant to 18 U.S.C. § 3583(e).  *See* § 3583(e). "[I]t is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term."  *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

*Miller*, however, addressed a revocation and sentencing pursuant to § 3583(e).  *Id.*  Cerda's revocation and sentencing were based in part on an allegation that he failed to submit to drug testing on three separate occasions. *See* 18 U.S.C. § 3583(g).  Although he pleaded true to the allegation, he argues here that his failure to submit to testing was not deliberate.  Revocation and a sentence of imprisonment were mandatory pursuant to § 3583(g), which does not list or omit any of the § 3553(a) sentencing factors.  *See id.*  We have not found clear or obvious error when a district court has considered the factors set out at § 3553(a)(2)(A) in revocations that are governed in whole or in part by

No. 14-50167

§ 3583(g).  *See, e.g., United States v. Urbina,* 551 F. App'x 176, 177 (5th Cir. 2014); *United States v. Flores-Gaytan*, 542 F. App'x 353, 354 (5th Cir. 2013); *United States v. Holmes*, 473 F. App'x 400, 401 (5th Cir. 2012); *United States v. Wilson*, 460 F. App'x 351, 352 (5th Cir.), *cert. denied*, 132 S. Ct. 2759 (2012). Although the cases on point are unpublished, they are "highly persuasive because [this court] explicitly rejected the identical argument that [Cerda] advances here."  *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011).

Moreover, Cerda cannot show that his substantial rights were affected. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The district court considered the recommended imprisonment range of 8 to 14 months, the 24-month statutory maximum term of imprisonment, Cerda's above-average intelligence, the nature and circumstances of his supervised release violations, the fact that he had been attending cosmetology school and his grades there, and other aspects of his history and characteristics.  Because the district court relied upon permissible § 3553(a) factors, *see* § 3553(a)(1), (a)(4)(B); § 3583(e), the record does not unambiguously indicate that, but for the district court's consideration of other improper factors, there is a reasonable probability that the district court would have imposed a lower sentence.  *See United States v. Davis,* 602 F.3d 643, 647 (5th Cir. 2010).  Accordingly, Cerda cannot demonstrate reversible plain error in connection with this argument.  *See Puckett*, 556 U.S. at 135.

Finally, with regard to Cerda's claim that the district court failed to consider his history and characteristics and the policy statements, the district court at least implicitly considered these factors.  *See Whitelaw*, 580 F.3d at 262-65 (recognizing that the district court's implicit consideration of the § 3553(a) factors is sufficient to satisfy § 3553(c)'s requirement that it provide

3

reasons for an above guidelines sentence).   Specifically, the district court's comments demonstrate that it considered the applicable policy statements, the nature and circumstances of Cerda's supervised release violations, and his history and characteristics.   *See* § 3553(a)(1), (a)(4)(B); § 3583(e).   Moreover, nothing in the record suggests that a more thorough explanation would have resulted in a lesser sentence or that the district court would impose a lesser sentence on remand.   *See Whitelaw*, 580 F.3d at 262-65.   Accordingly, Cerda cannot demonstrate reversible plain error.   *See Puckett*, 556 U.S. at 135.

AFFIRMED.