# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60212
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN SEGRETTO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CR-67-6

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Segretto has appealed the district court's judgment revoking his supervised release and imposing a statutory maximum 24-month term of imprisonment and a 12-month period of supervised release. He contends that the sentence imposed was greater than necessary to fulfill the sentencing objectives of 18 U.S.C. § 3553(a) and was, therefore, unreasonable. He asserts that the district court improperly considered factors listed in § 3553(a)(2)(A)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60212

and that the sentence was unreasonably harsh under the circumstances of this case.

Ordinarily, revocation sentences are reviewed under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because no objection was made at the revocation hearing, this court's review of Segretto's revocation sentence is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Segretto must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). However, the court is directed to consider the factors enumerated in § 3553(a), including the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994). Because § 3583(e) omits from its directive the sentencing factors listed in § 3553(a)(2)(A), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *Miller*, 634 F.3d at 844.

Any error in the district court's consideration of the § 3553(a)(2)(A) factors did not affect Segretto's substantial rights because the district court also relied on other, permissible factors. *See* § 3553(a)(1), (2)(B), (2)(C) & (4)(B). The district court's comments were made in the context of Segretto's failure to

2

No. 14-60212

comply with his obligations under the terms and conditions of his supervised release term and not in connection with the underlying offense. *See United States v. Ellsworth*, 490 F. App'x 663, 664 (5th Cir. 2012); *see also* 5TH CIR. R. 47.5.4. Segretto does not dispute that the district court imposed a statutory maximum sentence. *See* § 3583(e)(3). In imposing the sentence, the court considered the guidelines policy statements and appropriate statutory sentencing factors. *See Mathena,* 23 F.3d at 90-93. The judgment is AFFIRMED.