# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30470

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

LOUIS W. HANDY,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Defendant appeals the district court's revocation sentence and asserts that it erred by imposing a term of supervised release for a sentencing factor not included under 18 U.S.C. § 3583. Because we conclude that the defendant fails to satisfy the plain error standard of review, we AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30470

I.

In 2010, Louis W. Handy pled guilty to the possession of a firearm by a felon and received a sentence of imprisonment followed by supervised release. However, when Handy failed to comply with the conditions of his release by failing to obtain his GED or find gainful employment, the district court revoked his supervised release. The district court imposed a revocation sentence that included a prison term followed by supervised release.

In 2015, after Handy served his prison term, the government moved to revoke his supervised release a second time. The district court agreed and revoked Handy's supervised release for several violations including his failure to obtain employment or enroll in a GED program. Then, the district court held a sentencing hearing, which gave rise to this appeal.

At the sentencing hearing, George Chaney – Handy's attorney – asked the district court to not impose supervised release. Initially, the district court agreed, explaining to Handy:

> [A]ny recommitment to supervised release wouldn't have any practical benefit for [Handy], because [Handy] has already been revoked now twice on supervised release.

Then, the district court announced its sentence: "[Handy]'s committed to the custody of the Bureau of Prisons for a period of 11 months as to Count 1."

However, while the district court tried to explain its reasoning, Handy interjected saying: "[i]t ain't a crime, Your Honor." The district court admonished Handy for this interruption, but while the court addressed Handy, he turned his back on the district court and started a conversation with Chaney. Regarding this conduct, the district court stated:

2

No. 15-30470

> And, Mr. Handy, as your lawyer said, he's got to listen. So do you. Again, further evidence of your failure to respect the law and follow instructions. You've been through court too many times not to know you're not to speak when the judge is speaking. It's further evidence of your attitude. Turning your back on me doesn't help either. In fact – in fact – that kind of an attitude tells me I am going to put you on another term of supervised release, because I don't think you've learned your lesson. I was going with you lawyer and not doing that. . .[b]ut that conduct you just did showed me – showed me something about you that I wanted to discount.

Then, the district court imposed its modified sentence: an eleven-month term of imprisonment followed by a twelve-month term of supervised release. Chaney objected on behalf of Handy telling the district court: "[w]e notice our intent to appeal and object to the sentence that was imposed [a]nd the reimposition of supervision after the completion of that prison term."

## II.

Handy argues that his appeal is subject to the plainly unreasonable standard of review. Generally, if a defendant preserves his objection to a sentencing decision, the plainly unreasonable standard applies.[1] However, if a defendant fails to preserve his objection, we review the sentencing decision only for plain error.[2]

Handy asserts that he preserved his argument that the district court erred by imposing a term of supervised release for an improper reason based on his general objection to the sentence. "To preserve error, an objection must

---

[1] *See United States v. Miller*, 634 F.3d 841, 842-43 (5th Cir. 2011).

[2] *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

No. 15-30470

be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."[3]

Handy failed to preserve his objection to the supervised release sentence because his objection was too general to place the district court on notice of his argument that the district court based its sentence on an impermissible factor. This case is analogous to *United States v. Davis,* 532 F. App'x 547, 549 (5th Cir. 2013) (citing *United States v. Whitelaw,* 580 F.3d 256-60 (5th Cir. 2009)), where a defendant did not preserve his objection because "nowhere before the district court did [defendant] object that the sentence was unreasonable, nor did he alert the court to the legal argument he now presents that the court considered an inappropriate factor."

In this case, similar to *Davis*, Handy did not object to the imposition of the supervised release term as punishment for his disrespect to the court or for any other improper reasons. Therefore, we review the sentence for plain error.

III.

Handy must establish three elements to satisfy the plain error standard of review: the district court committed an error, the error was plain, and the error affected his substantial rights.[4] However, even if Handy meets his burden, this Court exercises its discretion to reverse the district court only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5]

Handy argues that the district court committed an error because it relied on an impermissible factor under 18 U.S.C. § 3583 to impose its sentence. When imposing supervised release, the district court is instructed by § 3583 to

---

[3] *United States v. Wooley,* 740 F.3d 359, 367 (5th Cir. 2014).

[4] *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).

[5] *Id.*

consider certain sentencing factors.[6] Permissible factors for the district court to consider are a defendant's history and characteristics, need for deterrence, and need for educational or vocational training.[7]

Notably absent from the list of permissible factors that a district court may consider when imposing supervised release is "the seriousness of the offense, [the need] to promote respect for the law, and [the need] to provide just punishment for the offense."[8] This Court in *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), held that seriousness of the offense, promoting respect, and providing punishment cannot be considered as factors to impose sentence for revocation of supervised release. However, the district court commits a sentencing error only "when an impermissible consideration is a dominant factor in the court's revocation sentence."[9]

Here, the district court erred because its dominant consideration when imposing supervised release on Handy was an impermissible factor. Specifically, the district court changed its mind and imposed supervised release because of Handy's disrespect, which is evidenced by its statement that Handy's "failure to respect the law" is the "kind of attitude which tells me I am going to put you on another term of supervised release." Because the court relied primarily on an impermissible reason when ordering supervised release, its sentence was error.

Second, Handy argues that the district court's error in relying on an improper sentencing factor to impose supervised release was plain. Legal error is plain where it is "clear or obvious, rather than subject to reasonable

---

[6] 18 U.S.C. § 3583.

[7] 18 U.S.C. § 3583 (incorporating by reference 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D)).

[8] 18 U.S.C. § 3583 (incorporating by reference 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(D)).

[9] *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

dispute."[10] Following *Miller*, it is clear that a district court cannot rely on the sentencing factor of punishment or lack of respect. Because the court committed an error by relying on an improper sentencing factor under 18 U.S.C. § 3583, its error was plain.

Finally, Handy argues that the district court's reliance on an impermissible sentencing factor to impose supervised release affected his substantial rights. "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's error, he would have received a lesser sentence."[11] In this case, the district court's error in relying on an impermissible sentencing factor affected Handy's substantial rights. Handy almost certainly would have received a lesser sentence – one without supervised release – had he not been disrespectful and interrupted the district court.

 Even if Handy satisfies the first three prongs of plain-error review, this does not end the inquiry. This Court has "discretion to remedy [an] error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[12] "This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not automatically satisfied."[13]

Errors that justify the exercise of our discretion "are ones that would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competency or integrity of the district judge."[14] Therefore, "whether a sentencing error

---

[10] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[11] *Rivera*, 784 F.3d at 1018 (quoting *United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010) (internal alteration marks omitted)).

[12] *Id.* (quoting *Puckett*, 556 U.S. at 135).

[13] *Wooley*, 740 F.3d at 369.

[14] *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014).

seriously affects the fairness, integrity, or public reputation of the judicial proceedings is dependent upon the degree of the error and the particular facts of the case."[15]

In a closely analogous case, *United States v. Rivera*, 784 F.3d 1012 (5th Cir. 2015), this Court held that a sentencing error following revocation of supervised release did not impugn the integrity of judicial proceedings even though the district court imposed its sentence for an impermissible reason. The defendant had violated supervised release by reentering the United States illegally and committing a murder.[16] Her supervised release was revoked based on the murder conviction, and the court sentenced her to a five-year prison term.[17] We agreed that the district court's reasons for the sentence – seriousness of the offense and need for punishment – are impermissible factors under 18 U.S.C. § 3583.[18]

However, we affirmed the sentence and reasoned that the error did not warrant the exercise of our discretion because:

> [Defendant] did not brief the fourth prong . . . except to argue that *Miller* error automatically warrants correction on plain-error review. We must reject this *per se* fourth-prong argument. Rivera's proffered approach would collapse the fourth prong into the first three and would contravene binding precedent that directs us to consider the facts of each case before finding that the fourth prong has been met. Thus, in asking us to exercise our discretion, Rivera points to nothing beyond the district court's error and the increase in her sentence that the error may have caused.[19]

---

[15] *John*, 597 F.3d at 288.
[16] *Rivera*, 784 F.3d. at 1015-16.
[17] *Id.*
[18] *Id.* at 1017-18.
[19] *Id.* at 1018-19.

No. 15-30470

Here, as in *Rivera*, Handy failed to brief his argument that the district court's sentencing error impugns the integrity of judicial proceedings. Handy makes only a conclusory statement that "the unlawful imposition of the additional year of supervised release seriously affects the fairness, integrity, and public reputation of judicial proceedings." Effectively, Handy makes the same conclusory argument that we rejected in *Rivera* – that the district court made a sentencing error that led to an increased sentence. Also, like in *Rivera*, we are satisfied that adding the supervised release term to Handy's sentence under these circumstances did not affect the fairness, integrity, and public reputation of judicial proceedings.

IV.

For these reasons, we affirm the judgment of the district court.[20]

AFFIRMED.

---

[20] Handy presented an additional argument that his sentence of supervised release was actually imposed not for revocation but for contempt of court. However, the district court repeatedly emphasized that it did not hold him in contempt, and Handy cited no precedent that would allow us to construe it otherwise.

No. 15-30470

STEPHEN A. HIGGINSON, Circuit Judge, specially concurring:

I concur in the majority's opinion and plain error analysis, but write separately just to note that the decision in *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014), which we cite for the proposition that errors that justify the exercise of our discretion "are ones that 'would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge,'" overlooked exact attribution for its reformulation of the fourth prong. *See United States v. Escalante-Reyes*, 689 F.3d 415, 435 (5th Cir. 2012) (en banc) (dissenting opinion).