# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 21-10850
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnny Roy Rodriguez, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-202-1

Before Barksdale, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Johnny Roy Rodriguez, Jr. pleaded guilty to illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D). He was sentenced to, *inter alia*: 57 months' imprisonment; and three years' supervised release. His probation officer later filed a petition

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

seeking revocation of Rodriguez' supervision, stating, *inter alia*, Rodriguez had committed another crime. The recommended sentencing range was 15 to 21 months in prison; the statutory maximum, 24 months. The district court: revoked supervised release; and imposed a sentence of 24 months' imprisonment.

Rodriguez' contention that his revocation sentence is substantively unreasonable because the court varied upwardly from the recommended range and did not explain the higher sentence is reviewed under the "plainly unreasonable" standard provided in 18 U.S.C. § 3742(a) (review of sentences). *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under that standard, our court first considers whether the district court committed "significant procedural error". *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). If there is none, the substantive reasonableness of a revocation sentence is reviewed for abuse of discretion, "examining the totality of the circumstances". *Id.* at 326, 332.

At the revocation hearing, however, Rodriguez failed to: advocate for a sentence shorter than the one imposed; or object to the sentence as substantively unreasonable. Although unpreserved substantive-reasonableness challenges are subject to plain-error review, Rodriguez cannot prevail even under an abuse-of-discretion review. *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (noting some challenges "[a]rguably . . . not preserved" but not reviewing for plain error because "[defendant] would not prevail even under the less deferential abuse of discretion standard").

The court's justification for the chosen revocation sentence was reasoned, fact-specific, and consistent with the appropriate 18 U.S.C. § 3553(a) sentencing factors because, *inter alia*, the court: stated its selection of sentence was based on the policy statements in Chapter 7 of the Sentencing

No. 21-10850

Guidelines; listed the violations of release; and concluded 24 months' imprisonment was necessary to address the violations and to deter additional criminal activity. *See Warren*, 720 F.3d at 332–33.

AFFIRMED.