**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 11-10073
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

KEVIN NEWSON,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-164-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin Newson appeals the district court's judgment revoking his term of supervised release and sentencing him to 36 months of imprisonment. He argues that the district court improperly considered the factors set forth in 18 U.S.C. § 3553(a)(2)(A). Those factors are the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). The Government has moved for summary affirmance or, alternatively, for an extension of time within which to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10073

file a brief.  The Government argues that, if the district court erred, any error was not clear or obvious at the time Newson was sentenced and the district court's judgment was thus neither plainly unreasonable nor plain error.

Because Newson did not object in the district court that the court considered a prohibited factor in setting his sentence, we review for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).  To show plain error, Newson must show an error that is clear or obvious and that affects his substantial rights.  *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

After Newson was sentenced, while the instant appeal was pending, we decided *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), *petition for cert. filed* (May 27, 2011).  In *Miller*, we held that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term."  634 F.3d at 844.  To the extent that the district court relied on the § 3553(a)(2)(A) factors, such reliance was impermissible under *Miller*.  However, the split among the circuit courts of appeals on the issue and the lack of a published opinion from this court at the time of the district court proceedings rendered any consideration of the § 3553(a)(2)(A) factors neither clear nor obvious legal error.  *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).  Thus, Newson has shown no plain error.  *See Puckett v. United States*, 129 S. Ct. 1423 (2009).

The judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance is GRANTED; its alternative motion for an extension of time within which to file a brief is DENIED.