# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2012

No. 11-10562
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WELLIE ELISHA WOODSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-100-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Defendant-Appellant Wellie Elisha Woodson admitted violating conditions of his supervised release, the district court sentenced Woodson to two consecutive 18-month terms of imprisonment, for a total of 36 months, to be followed by two concurrent 24-month terms of supervised release. Woodson claims that his above-guidelines revocation sentence is substantively unreasonable because it represents a clear error of judgment in balancing the sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10562

To preserve the issue, Woodson asserts that revocation sentences should be reviewed for "reasonableness." In fact, we review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). Under this standard, we first consider "whether the district court procedurally erred before we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range . . . but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Woodson asserts that he was sentenced to three years in prison for twice using marijuana, making an insufficient effort to find a job, falling behind on restitution, missing four counseling sessions, and skipping one urine test. Woodson claims that his three year sentence is (1) considerably higher than the terms of imprisonment imposed for his original, more serious crimes of conviction, bank robbery and using a firearm during that crime; (2) considerably higher than the advisory guidelines range for his violations of supervised release; and (3) the type of sentence a person in criminal history category I could have received at original sentencing for offenses such as, inter alia, involuntary manslaughter, aggravated assault involving the discharge of a firearm and bodily injury, and distribution of 80 kilograms of marijuana. He also contends that this sentence ignores important mitigating information, such as his "success on supervised release for more than a year before his last revocation, a fact that surely predicts a higher chance of successful reintegration to society," and "his serious efforts to find employment, even well below his experience level, before his revocation."

No. 11-10562

These arguments ignore that Woodson admitted that he violated the conditions of his second chance at supervised release by twice testing positive for the use of marijuana, skipping drug testing and treatment sessions, quitting his job and failing to submit job search logs as instructed by his probation officer, failing to make restitution payments, and failing to contact his probation officer as instructed after failing his drug test. The district court considered that this was Woodson's second failed attempt at supervised release and that his 18 months in prison following his first revocation did not serve as a "wake-up call" to Woodson. Because Woodson's conduct violated specific conditions of his release for a second time under supervision, the severity of his conduct compared to that of others not in his position is of no moment. *See* 18 U.S.C. § 3553(a)(6). Similarly, his comparison of his second revocation sentence to original sentences for other crimes is misplaced. *See Miller*, 634 F.3d at 843. The district court considered the advisory guidelines range suggested by the relevant policy statements, which it rejected because it did not believe that the range adequately addressed the § 3553(a) factors it should consider under 18 U.S.C. § 3583(e)(3).

None of Woodson's arguments shows that the district court abused its discretion in its consideration of the relevant sentencing factors. In light of all of the circumstances and the due deference owed to the district court, we hold that the sentence imposed is not substantively unreasonable. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.