**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2012

Lyle W. Cayce
Clerk

No. 11-30599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ETHIEL NICOLLETTE PEARSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-338-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ethiel Nicollette Pearson was sentenced to 12 months and one day in prison, to be followed by three years of supervised release, on her guilty-plea conviction for conspiracy to possess and pass counterfeit money.  After she was released, Pearson was arrested for shoplifting. The district court found that she had violated the conditions of her supervised release, revoked it, and sentenced her to 11 months in prison.  On appeal, Pearson contends that (1) the district court abused its discretion by revoking her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release without granting her request for a continuance to receive a mental health evaluation, and (2) her 11-month sentence is plainly unreasonable.

We review the revocation of a term of supervised release for abuse of discretion. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010).  We also review a denial of a request for a continuance for an abuse of discretion.  *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009).  The district court's denial of Pearson's last-minute request for a continuance so that she could obtain suggestions for treatment of her kleptomania was neither arbitrary nor capricious, and Pearson cannot demonstrate substantial prejudice because she admitted to violating the conditions of her supervised release.  *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009); *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999); *United States v. Peden*, 891 F.2d 514, 519-20 (5th Cir. 1989).

Sentences imposed following revocation of supervised release are reviewed under the "plainly unreasonable" standard.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.) (suggesting similarity to "plain error" review), *cert. denied*, 132 S. Ct 496 (2011).  Pearson's contention that the district court erred by sentencing her to 11 months in prison because the shoplifting violation carried only a six-month maximum sentence is without merit.

The district court did not commit any procedural errors when calculating Pearson's sentence because it considered the appropriate 18 U.S.C. § 3553(a) sentencing factors, as well as the nonbinding policy statements of Chapter Seven of the Sentencing Guidelines.  *See* 18 U.S.C. § 3583(e); *United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008).  As Pearson's underlying offense of conspiracy to possess and pass counterfeit money was a Class D felony, the maximum statutory sentence that could be imposed on revocation of her supervised release was  two years.  § 3583(e)(3).  As her shoplifting offense was a Class C violation and her criminal history category was III at the time of her

original sentence, Pearson's guidelines range of imprisonment on revocation of her supervised release was five to 11 months. *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4. The district court did not abuse its discretion by sentencing Pearson to a within-statutory, within-guidelines sentence of 11-months in prison. *See Miller*, 634 F.3d at 843; *McKinney*, 520 F.3d at 427-28. The judgment of the district court is AFFIRMED.