# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2013

Lyle W. Cayce
Clerk

No. 12-30872
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY WAYNE TOWNLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:91-CR-20008-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terry Wayne Townley appeals the 60-month sentence imposed following the revocation of his supervised release. He argues that the record does not support the court's decision to impose the statutory maximum sentence because he had only a single violation of his supervised release and because the Sentencing Guidelines recommended only six to 12 months of incarceration. He also contends that it is plainly unreasonable to impose such a harsh sentence on a defendant who was thrust back into society without first being given an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opportunity to ease the transition with the help of a halfway house. We review Townley's sentence under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The district court was authorized to impose any sentence that fell within the five-year statutory maximum for Townley's original offense. *See* 18 U.S.C. § 3583(e)(3). The ranges set forth under the Guidelines are advisory only. *See United States v. Mathena*, 23 F.3d 87, 93 (5th Cir. 1994). We have often upheld statutory-maximum revocation sentences as plainly reasonable. *See, e.g., United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). With the exception of 18 U.S.C. § 3553(a)(2)(A), the district court was to consider the factors outlined in § 3553(a) in selecting a sentence. *Miller*, 634 F.3d 843-44. The district court thus was within its discretion in selecting a sentence based on Townley's history of violence and his inability to comply with the terms of supervised release. *See* § 3553(a)(1), (a)(2)(B) & (C). Moreover, Townley points to no authority which supports his assertion that the district court was required to consider his inability to find placement in a halfway house, nor does he attempt to connect this fact with any of the relevant sentencing considerations set forth in § 3553(a).

AFFIRMED.