**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2013

No. 13-20085

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRANDI GORHAM ROBLES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-668-1

Before JONES, SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Brandi Robles appeals the reasonableness of her sentence resulting from
a probation violation. Finding no error, we AFFIRM.

While on probation for a drug conviction, Appellant pled true to three
charges of drug usage/possession and one violation for failure to report for drug
testing. Revoking her probation, the district court gave an above-Guideline
sentence of one year to allow time for participation in a drug rehabilitation
program. Counsel objected because of the sentence's length and the court's drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

treatment consideration. The judge responded that he could give Robles a "straight sentence . . . [w]ith no mention of drug treatment" and also noted the statutory maximum in the case (5 years) was under consideration. After the government concurred that lengthening the sentence for treatment purposes would violate *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the district court cited the sentencing factors in 18 U.S.C. § 3553(c) and restated that the sentence would be one year. The court acknowledged it could not and, in fact, was not sentencing primarily on the need for Robles to complete a drug program. Treatment was mentioned again as a "strong recommendation," but not an order.

The sentence here is reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We first assess whether the district court committed procedural error and then consider the sentence's substantive reasonableness under an abuse-of-discretion standard.

Appellant contends that the sentence still violates *Tapia* and that it is unnecessarily long; both arguments rely on Robles's belief that the treatment program was the primary consideration of the court. The government responds that no error took place because the court substituted proper reasons in response to the objection and stated the drug program was only a secondary justification.

We hold there was neither procedural nor substantive error here.[1] After recognizing its initial mistake, the court explicitly focused on punishment, incapacitation, and deterrence. Reasonable considerations—the repetitive nature of the crimes and Robles's implicit rejection of leniency previously shown her—provide a valid foundation for the court's decision and references to treatment as an *additional* factor do not constitute error. *See Tapia*, 131 S. Ct. at 2392. While Appellant's Guidelines range was 3–9 months, the one year

---

[1] Even if this were not the case, it is clear from the hearing record that the error was harmless. *See United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008).

No. 13-20085

sentence was well under the statutory maximum and, given the number of offenses at issue, we cannot say it was plainly unreasonable.    **AFFIRMED**.