# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-50125
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS RAMIREZ, JR.,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-326-1

———————

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Jesus Ramirez, Jr., challenges the two-year prison sentence imposed following revocation of his supervised release. As he did at sentencing, he challenges the reasonableness of the sentence, claiming it is greater than necessary to effectuate sentencing goals, overstates the seriousness of his supervised-release violations, and does not reflect his personal circumstances.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50125

Revocation sentences are reviewed under a deferential "plainly unreasonable standard, in a two-step process". *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (citing *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).  First considered is whether the district court procedurally erred; then, the substantive reasonableness of the sentence imposed. *Warren*, 720 F.3d at 326.

Ramirez does not claim procedural error.  For the second step, a preserved objection to a sentence's substantive reasonableness is reviewed "for an abuse of discretion, examining the totality of the circumstances". *Id.* at 332 (citation omitted).  "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (citation and internal quotation marks omitted).  Even if we determine a revocation sentence is unreasonable, we may reverse only if "the error was obvious under existing law". *Id.* at 326 (citation omitted).

Ramirez' two-year sentence equaled the maximum statutory term of imprisonment the district court could have imposed. *See* 18 U.S.C. § 553(a); 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(e)(3).  We often uphold statutory-maximum sentences under the above-described plainly-unreasonable standard. *See Warren*, 720 F.3d at 332.

The district court considered the factors Ramirez believes merit a lesser sentence.  Nevertheless, "[t]he district court made clear its belief that, in [the] light of [Ramirez'] particular history [and characteristics], only a relatively severe, incarcerative revocation sentence was sufficient punishment". *Warren*, 720 F.3d at 333.  Ramirez' disagreement with the court's weighing of the applicable 18 U.S.C. § 3553(a) factors does not demonstrate the imposed

2

sentence was an abuse of discretion. The court was permitted to use its judgment in weighing the applicable factors, and this court may not reweigh them. *See Gall v. United States*, 552 U.S. 38, 51-52, 56-60 (2007).

AFFIRMED.