# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-10149
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JODAMON RAY PRECIADO,

Defendant−Appellant.

————

Appeal from the United States District Court
for the Northern District of Texas
No. 2:09-CR-40-1

————

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

JoDamon Ray Preciado appeals the twenty-four-month sentence imposed upon revocation of his third term of supervised release ("SR") following his conviction of conspiracy to import marihuana. He contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10149

district court impermissibly considered the need for just punishment, as set forth in 18 U.S.C. § 3553(a)(2)(A), when imposing his revocation sentence.

Because Preciado failed to object in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To succeed on plain-error review, Preciado must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Id.* On such a showing, we may exercise our "discretion to remedy the error" if we conclude that it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, emphasis, and citation omitted).

There has been no showing that § 3553(a)(2)(A) informed the choice of the sentence. Nothing in the record indicates that the district court intended to select a "just punishment" for Preciado's marihuana offense of conviction. § 3553(a)(2)(A). The court did not mention § 3553(a)(2)(A) or use the phrase "just punishment." The court stated that a sentence of twenty-four months was necessary, for punitive reasons, after first remarking that Preciado had two prior revocations with an imprisonment term of nine months on each. Considering the context of the proceeding and Preciado's significant history of ignoring the court's directives with regard to SR, the court's use of the phrase "punitive reasons" when announcing the sentence was consonant with our teaching "that the goal of revocation is to punish a defendant for violating the terms of the supervised release." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Thus, we cannot conclude that the district court selected the sentence because of an impermissible focus on the marihuana offense of conviction rather than on Preciado's abuse of the court's trust by violating conditions of SR. *See id.* at 843-44.

AFFIRMED.

2