**UNITED STATES of America, Plaintiff–Appellee**

v.

**Gary Wayne MINTER, Defendant–Appellant.**

No. 13–10931
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, William Reynolds Biggs, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Gary Wayne Minter appeals the district court's judgment of revocation and the 24–month term of imprisonment that the district court imposed. Although there were other allegations in the Government's motion to revoke, and the district court determined that Minter had violated each condition of supervised release that was set forth in the motion to revoke, Minter's argument before this court focuses solely on the district court's determination that

he violated his conditions of supervised release by engaging in drug distribution. Because Minter has failed to present argument that addresses the remainder of the district court's findings, Minter has abandoned any such challenges. *See United States v. Scroggins,* 599 F.3d 433, 446–47 (5th Cir.2010). By abandoning these issues, Minter has failed to show that the district court reversibly erred, as possession of drugs and drug use, which Minter conceded below and does not challenge before this court, is a violation of at least two of the conditions of Minter's supervised release and provided the district court with authority to revoke his supervised release and impose a term of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

Moreover, we review preserved challenges to revocation sentences under the deferential plainly unreasonable standard. *See United States v. Miller,* 634 F.3d 841, 843 (5th Cir.2011). While Minter's argument suggests that the district court based its sentence upon the determination that he was involved in drug trafficking, the district court did not refer to the drug distribution finding when determining the appropriate sentence. Rather, when determining the appropriate sentence, the record reflects that the district court considered Minter's history and characteristics, including Minter's "ongoing criminal conduct." Minter concedes that he was engaged in ongoing criminal conduct, in the form of use and possession of drugs. The district court appropriately considered the § 3553(a) sentencing factors, and Minter cannot show that his sentence is plainly unreasonable. *See* 18 U.S.C. § 3583(e); *Miller,* 634 F.3d at 843–44.

For the foregoing reasons, the judgment of the district court is AFFIRMED.