# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50146
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAT PATTERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:97-CR-43-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pat Patterson appeals the 24-month term of imprisonment imposed following the revocation of his supervised release. He contends that his sentence is substantively unreasonable.

Since Patterson did not object to his sentence, review is for plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). The 24-month revocation sentence is above the maximum Guidelines sentence of 13 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but below the statutory maximum sentence of 44 months. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Id.* at 332 (internal quotation marks and citation omitted). This case does not warrant a different result. *See id.* at 333. The district court took Patterson's drug addiction into account by recommending that he receive treatment while incarcerated, but it placed more weight on his pattern of failing to comply with his conditions of supervised release. This was the third time Patterson had violated the condition of supervised release. To the extent that Patterson argues that this amounted to a consideration of prohibited 18 U.S.C. § 3553(a) factors, and assuming arguendo that this argument is not waived by virtue of inadequate briefing, any error was not plain. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Olano*, 507 U.S. 725, 734 (1993). Indeed, Patterson does not even identify which improper factor the district allegedly considered in deciding this sentence. Patterson thus has failed to show that his sentence is substantively unreasonable, much less plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.