# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK WATSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-786-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Watson appeals the 15-month prison sentence he received upon the revocation of his supervised release. He contends that the revocation sentence, which was longer than the prison term recommended by the guidelines policy statements, is greater than necessary to achieve the purposes of sentencing because it does not account for his background of behavioral and psychological problems, the relatively minor nature of his supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations, and his lack of criminal history.  Watson did not object to his revocation sentence in the district court; thus, our review is for plain error.  *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

Watson's limited criminal history and the nature of his supervised release violations were taken into account in the imprisonment range recommended by the guidelines policy statements, which the district court expressly found inadequate.  Moreover, the court heard and considered Watson's argument that he should receive a more lenient revocation sentence because he suffered from psychological problems, but it was unpersuaded because Watson had rejected the court's efforts to help him get counselling. Indeed, the court was particularly influenced by Watson's failure to respect the conditions of his supervised release and the court's attempts to help him.  The court's sentencing rationale is fully consistent with the primary goal of a sentence upon revocation of supervised release, which is to penalize the defendant for failing to abide by the terms of the supervision.  *See* U.S.S.G. ch.7, pt. A, at ¶ 3(b); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Watson's arguments amount to a disagreement with the way the district court balanced the sentencing factors, but we will not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  He has not established that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *See Warren*, 720 F.3d at 332.  Thus, he has not shown that the district court committed any error, plain or otherwise.

The district court's judgment is AFFIRMED.