# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

No. 16-60091
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KOREA MCKAY, also known as Wack,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CR-102-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Korea McKay has appealed the district court's judgment revoking his supervised release and imposing a 24-month term of imprisonment and a 60-month period of supervised release after he was charged in state court with aggravated assault and being a felon in possession of a weapon.

McKay contends that there was insufficient evidence showing that he violated the conditions of his supervised release. He asserts that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in crediting the testimony of the Government's witnesses, including the assault victim, Jeremy Talbert, and in discrediting the inconsistent testimony of a witness called by the defense.  It is not our function to pass on the district court's determination regarding Talbert's credibility.  *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994).  His testimony was not incredible as a matter of law.  *See id.*  The district court did not abuse its discretion in determining that McKay violated a condition of his supervised release.  *See United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010).

McKay contends also that the sentence was substantively unreasonable. He asserts that, in determining the sentence, the district court gave improper consideration to his prior criminal history, which included offenses that did not result in convictions.  Our review of this contention is for plain error.  *See United States v. Warren*,  720 F.3d 321, 326 (5th Cir. 2013).

To prevail on plain error review, McKay must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Once a district court finds by a preponderance of the evidence that the defendant has violated a condition of supervised release, the court "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence."  *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008); *see* 18 U.S.C. § 3583(e)(3).  McKay does not dispute that the sentence was within the statutory maximum.  In determining a revocation sentence, the district court may consider the relevant

No. 16-60091

factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

McKay's complaint is that the district court erred in considering offenses that were not reduced to judgment and offenses of which he was acquitted in reviewing his criminal history. The district court relied on other permissible factors, such as protection of the public, and McKay makes no effort to show that the error violated his substantial rights or that it affected the fairness, integrity or public reputation of the judicial proceeding. *See Puckett*, 556 U.S. at 135. Thus, he has not shown reversible plain error. *See id.* The judgment is AFFIRMED.