# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-60711
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RALLEN RYAN MARSHALL, also known as Cat,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CR-77-3

————————

Before KING, DENNIS, and COSTA, Circuit Judges

PER CURIAM:[*]

Rallen Ryan Marshall appeals the 48-month above-guidelines sentence imposed following the revocation of his supervised release. He argues that the sentence is substantively unreasonable based upon the mitigation arguments that he raised during the revocation hearing. With respect to his supervised release violation of traveling outside the district without permission, he contends that he left the district because he was being threatened by his co-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60711

defendants and gang members. With respect to his supervised release violation of being charged with cruelty to a juvenile, he argues that, while he committed the offense against his girlfriend's four-year-old son, he does not remember committing the offense. He also contends that he took care of his girlfriend's children like they were his own children and that he has no history of violence or child abuse.

We review Marshall's substantive reasonableness challenge under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Marshall's mitigation arguments, which were considered by the district court, essentially amount to a disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) sentencing factors, which we will not reweigh. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Warren*, 720 F.3d 321, 332 & n.2 (5th Cir. 2013). Moreover, we have "routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum." *See Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see also United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). Accordingly, the district court's judgment is AFFIRMED.