# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11331

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE HUGH WASHINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-106

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Willie Washington violated the terms of his supervised release by using cocaine. As a result, the district court revoked his supervision and sentenced him to 18 months in prison. Washington contends that an impermissible sentencing consideration was a dominant factor in that decision. Although many of the statutory factors a court may consider in regular sentencing also apply in the revocation context, some do not. In particular the statute governing revocation sentences does not incorporate 18 U.S.C. § 3553(a)(2)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11331

*United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011); *see also United States v. Rivera*, 784 F.3d 1012, 1016–17 (5th Cir. 2015).  So in imposing a revocation sentence, a court may not rely on the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to promote just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  Washington argues that promoting respect for the law was a dominant consideration in his revocation sentence because immediately after Washington allocuted, the district court said the following:

> Well, I've gone back through the file, your history, and it's very disturbing.  Apparently you don't have any respect for the rules or laws of our society.

Because Washington did not object in the district court on the ground that the sentence was influenced by an improper consideration, he must meet the stringent plain error standard.  *See United States v. Olano*, 507 U.S. 725, 736 (1993).  The first two of those hurdles requires him to show an error that is obvious.  *Id*. at 732–34.  He cannot do so.  A review of the full revocation transcript reveals that the statement Washington highlights was likely nothing more than a throwaway line.  It preceded a detailed recitation of Washington's repeated violations of supervised release and his extensive criminal history, which are factors the court may consider in deciding the appropriate revocation sentence.  *See* 18 U.S.C. § 3583(e) (incorporating 18 U.S.C. § 3553(a)(1), which allows consideration of the "history and characteristics of the defendant").  When the court later pronounced the sentence, it did not invoke the need to promote respect for the law.  As the statement Washington challenges appears to be nothing more than an offhand comment to the defendant as opposed to an official justification for the

No. 16-11331

sentence, Washington cannot show that promoting respect for the law was a dominant factor in his sentence. There was no error, plain or otherwise.

The record also belies Washington's claim that the district court failed to consider additional drug treatment as an alternative to incarceration, which he argues renders the sentence substantively unreasonable. After defense counsel objected on this ground, the district court explained, "Well, I did consider that. I don't think it's necessary, but I took it into account." And the district court did not abuse its discretion in rejecting the treatment alternative as Washington had tested positive for drug use four other times during his supervised release.

The judgment is AFFIRMED.