# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER WAYNE GABLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-43-1

Before SMITH, WIENER, and WILLETT, Circuit Judges
PER CURIAM:[*]

Appealing the sentence imposed upon revocation of his supervised release, Christopher Wayne Gable contends that the district court should have ordered additional inpatient treatment for his substance abuse and mental health issues in lieu of imprisonment. He concedes that he violated several conditions of his supervised release but asserts that the violations resulted from the mishandling of his mental health treatment. He asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60357

additional inpatient treatment was appropriate because of his long history of substance abuse and mental illness and because he was successful during supervised release when his mental health issues were properly treated. He cites the requirement in 18 U.S.C. § 3553(a)(2)(D) that the district court consider the need for medical care or other treatment. *See* 18 U.S.C. § 3583(e).

The district court considered the applicable § 3553 factors in imposing Gable's revocation sentence. The court considered the need to provide Gable with medical care and noted that it would recommend that he receive mental health treatment in prison and be admitted into an inpatient treatment program immediately upon his release. The court determined that a 12-month prison term was necessary because of Gable's "very frightening" history, his anger, the need to protect the public, the failed efforts to treat Gable's mental health and substance abuse problems, the nature and circumstances of the violations, and his continued noncompliance both with the conditions of his release and with the requirements of an inpatient drug treatment program.

Gable has not shown that his prison sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error of judgment in balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). He has not shown error, much less obvious error. Accordingly, he fails to show that the revocation sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

AFFIRMED.

2