# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30073
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JADE DUPUIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CR-252-6

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jade Dupuis pleaded guilty to distribution of five grams or more of methamphetamine and was sentenced to one year and one day of imprisonment and three years of supervised release. The district court revoked Dupuis's term of supervised release and sentenced him to 24 months in prison, which was above the recommended policy-statement range of 4 to 10 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30073

On appeal, Dupuis contends that his revocation sentence is "plainly erroneous" because the district court's sole justification for the sentence was that he (Dupuis) did not appreciate the leniency accorded him when he was originally sentenced.  He also contends that the district court failed to consider any of the 18 U.S.C. § 3553(a) factors and that it did not address his mitigating evidence or explain its sentencing decision.

The district court's statements do reflect consideration of (1) Dupuis's history and characteristics, (2) the need for the sentence imposed to deter future criminal conduct and protect the public, (3) the kinds of sentence available, and (4) the advisory policy-statement range.  *See* 18 U.S.C. § 3583(e); § 3553(a).  The record therefore shows that the district court considered proper § 3553(a) factors, at least implicitly, and adequately explained the reasons for the sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Kippers*, 685 F.3d 491, 499 (5th Cir. 2012).  The record also shows that the district court heard Dupuis's mitigation arguments and even discussed some of them with the parties, but that it found those arguments outweighed by Dupuis's continued violation of the conditions of supervised release.  *See United States v. Fraga*, 704 F.3d 432, 438-39 (5th Cir. 2013).  To the extent the district court relied on the leniency of Dupuis's prior sentence, which represented a downward departure, that reliance does not constitute error.  *See Kippers*, 685 F.3d at 499; U.S.S.G. § 7B1.4, p.s., comment. (n.4).  As for substantive reasonableness, Dupuis's contention that his sentence is excessive and does not reflect consideration of the § 3553(a) factors fails to demonstrate an abuse by the district court of its wide sentencing discretion.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Dupuis has failed to show that his revocation sentence is plainly unreasonable.  *See United States v. Warren*, 720 F.3d 321, 326, 332-33 (5th Cir. 2013).  The judgment of the district court is AFFIRMED.