# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2020

Lyle W. Cayce
Clerk

No. 19-11375
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Joshua Ryan Dorman,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-74-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges.*
Per Curiam:*

Joshua Ryan Dorman appeals the revocation of his supervised release and the 18-month sentence imposed under 18 U.S.C. § 3583(g), which, in relevant part, requires the revocation of supervised release where a defendant

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

possesses a controlled substance or tests positive for illegal drugs more than three times in a year.

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Dorman first argues § 3583(g) is unconstitutional because it requires the district court to revoke a defendant's supervised release and impose a prison sentence without affording the defendant the constitutional right to have the allegations proven to a jury beyond a reasonable doubt.  Because Dorman did not assert this argument in the district court, plain error review applies.  *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).  Dorman must show a clear or obvious error that affects his substantial rights.  *See id.*  If he is able to make this showing, this court "should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted). Dorman correctly concedes his argument that there was clear or obvious error is foreclosed.  Because "there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g) revocations, the district court could not have committed any clear or obvious error in applying the statute." *Badgett v. United States*, 957 F.3d 536, 541 (5th Cir. 2020) (internal quotation marks and citation omitted).

Dorman next argues his sentence is substantively unreasonable because, by treating revocation as mandatory under § 3583(g), the district court considered an improper factor and made a clear error of judgment in balancing the sentencing factors.  A sentence imposed upon revocation of supervised release is reviewed under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  This court first evaluates whether the district court procedurally erred and then considers the substantive reasonableness of the sentence under an abuse of discretion standard.  *Id.*  If the sentence is unreasonable, this court then considers

No. 19-11375

"whether the error was obvious under existing law." *Id*. Even if we assume, arguendo, that Dorman could show that the district court improperly based its sentencing decision on the mandatory revocation provision of § 3583(g), he would not be able to show the alleged error was obvious under existing law. *See Badgett*, 957 F.3d at 541. Accordingly, he has not shown that his sentence was plainly unreasonable.

The district court's judgment is AFFIRMED.