# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2020

Lyle W. Cayce
Clerk

No. 19-51146
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EUGENE DURST SELF,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-66-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Eugene Durst Self challenges the statutory maximum 60-month and 36-month concurrent sentences imposed following the revocation of his terms of supervised release.  He contends that the district court imposed a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51146

retributive sentence based on impermissible sentencing factors, and it thus imposed a plainly unreasonable sentence.

Generally, this court reviews a revocation sentence under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under that standard, this court first assesses whether the district court committed a "significant procedural error." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The district court commits significant procedural error with respect to a revocation sentence if it fails to consider the relevant 18 U.S.C. § 3553(a) factors, selects "a sentence based on clearly erroneous facts," or fails "to adequately explain the chosen sentence." *Id.* (internal quotation marks and citation omitted). If the sentence is procedurally sound, we review the substantive reasonableness of a sentence. *Id.* A revocation sentence is substantively unreasonable where the district court "did not account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or made a clear error in judgment when balancing the sentencing factors. *Id.* at 332 (internal quotation marks and citation omitted).

Self's contention that the court impermissibly considered § 3553(a)(2)(A)'s factors in violation of *Miller* is unfounded. *See United States v. Sanchez*, 900 F.3d 678, 683-84 (5th Cir. 2018). The record demonstrates that the court based the sentences on Self's history and characteristics, the need for deterrence, and his breach of the court's trust. These are permissible considerations in a revocation hearing. *See* 18 U.S.C. § 3583(e); § 3553(a)(1), (a)(2)(B); U.S.S.G. Ch.7, Pt. A, introduction cmt. 3(b). Although Self's 60-month and 36-month sentences exceeded the recommended range of 18 to 24 months of imprisonment, the sentences are within the statutory range. *See* § 3583(e)(3). "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332. (internal quotation marks and citation omitted).

No. 19-51146

Accordingly, the judgment of the district court is AFFIRMED.