# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2022

Lyle W. Cayce
Clerk

No. 21-50864
Summary Calendar

─────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CODY ANDREW ANDERSON,

*Defendant—Appellant*.

─────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-153-15

─────────

Before KING, COSTA, and HO, *Circuit Judges.*

PER CURIAM:*

In 2015, Cody Andrew Anderson pleaded guilty to conspiracy to possess methamphetamine with intent to distribute, and he was sentenced the following year to 60 months of imprisonment and four years of supervised release. In August 2021, his probation officer petitioned the court to revoke

─────────

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50864

his supervised release, alleging that Anderson violated the conditions of his supervised release by using and possessing methamphetamine. The district court revoked Anderson's supervised release and sentenced him to the maximum sentence of 36 months of imprisonment; no further term of supervised release was imposed.

Anderson appeals, contending that his revocation sentence was substantively unreasonable because the district court relied too heavily on the fact that he violated his conditions, his likelihood of reoffending, his drug use, and the unsubstantiated allegations in a withdrawn petition to revoke supervised release, and failed to give appropriate weight to Anderson's long history of compliance with his conditions and of sobriety and his family relationships and obligations. Sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). In conducting this review, we follow many of the same considerations that are employed in the review of original sentences but provide more deference to revocation sentences than to original sentences. *See id.* at 843-44.

In this case, the district court relied on appropriate § 3553(a) factors in determining that a 36-month sentence was warranted, as it addressed the nature and circumstances of Anderson's violation, his history and characteristics, and the needs to deter him from future criminal activity and to protect the public. *See* § 3553(a); 18 U.S.C. § 3583(e)(3); *United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013). There is no indication that the district court considered the allegations in the earlier, withdrawn petition for revocation; its reasons did not mention the petition or the allegations at all. Further, we have routinely upheld revocation sentences exceeding the recommended guidelines range, even where the sentence is the statutory maximum. *See, e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012) (affirming a revocation sentence that was the statutory maximum and

2

more than five times above the top of the guidelines range). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted).

Accordingly, the judgment of the district court is AFFIRMED.