# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60077
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Corey Joseph Lafleur,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-35-1

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Corey Joseph Lafleur appeals his sentence, which is within the policy guidelines range, imposed following the revocation of his supervised release. Lafleur argues that the nature and circumstances of his violations did not support his seven-month sentence, that the district court failed to give adequate weight to his employment history or consider that he only was

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

required to be at Dismas Charities until he obtained a suitable place to live, and that his sentence is greater than necessary to achieve the relevant sentencing goals.

We review a preserved challenge to a revocation sentence under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We first consider whether the sentence was substantively unreasonable, reviewing for an abuse of discretion. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). A revocation sentence within the policy guidelines range is presumptively reasonable. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020). The sentence will be vacated "only if the identified error is obvious under existing law." *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018) (internal quotation marks and citation omitted).

The record shows that, in making its sentencing decision, the district court properly made "an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Despite Lafleur's arguments to the contrary, the record shows that the district court listened to and considered the nature and circumstances of his violations as well as his personal characteristics. Lafleur has not demonstrated any clear error of judgment in the district court's balancing of the relevant sentencing factors. *See Warren*, 720 F.3d at 332; *see also United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Accordingly, Lafleur has failed to rebut the presumption of reasonableness of his seven-month revocation sentence. *Miller*, 634 F.3d at 843; *see also Badgett*, 957 F.3d at 541.

AFFIRMED.