# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30157
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher R. Willis,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-203-1

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Christopher R. Willis appeals the 60-month above-guidelines sentence imposed upon revocation of his supervised release. We review this claim under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under this standard, the sentence is examined for "significant procedural error" and substantive reasonableness.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30157

*United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).

A revocation sentence is based on a "significant procedural error" if the district court does not consider the proper factors, bases the chosen sentence on incorrect facts, or does not adequately explain the choice of sentence. *Id.* A revocation sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 332 (internal quotation marks and citation omitted). Willis has not met this standard. Rather, his argument that the district court erred when weighing the pertinent factors amounts to little more than a request for this court to substitute its judgment for that of the district court, which we will not do. *See id.* at 321, 326. The judgment of the district court is AFFIRMED.