# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEREK PARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-159-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Derek Parra appeals the 48-month prison sentence that the district court imposed upon revoking his supervised release. The sentence was above the advisory range of eight to 14 months.

Parra argues that the evidence that he committed assault while on supervised release was inconclusive and that the district court should have given less weight to that allegation. However, Parra fails to show that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41595

district court's factual findings with respect to his revocation sentencing were not plausible in light of the record as a whole. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 & n.3 (5th Cir. 1994).

We review his remaining claims for plain error as he did not object to the sentence as procedurally erroneous or substantively unreasonable. *See United States v. Warren*, 720 F.3d 321, 326-27, 332 (5th Cir. 2013). Although Parra argues that the district court imposed the revocation sentence as punishment for his assault offense, *cf. United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011), the court properly considered the nature of Parra's violations, along with Parra's history of violence against women and children, as relevant to the proper statutory factors on which it relied, including deterrence and incapacitation, *see* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(2)(B), (C). The court considered the relevant Guideline policy statement in sentencing Parra, *see United States v. Mathena*, 23 F.3d 87, 93 (5th Cir. 1994), and adequately explained the chosen sentence, *see Rita v. United States*, 551 U.S. 338, 357 (2007). The district court's reasons justified the 48-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Parra fails to show error, plain or otherwise.

AFFIRMED.