# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2018

Lyle W. Cayce
Clerk

No. 17-11066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESTINY DAWN RAYNEA CHANDLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-263-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Destiny Dawn Raynea Chandler appeals the 12-month sentence imposed following the revocation of her supervised release. Chandler argues that the district court committed procedural error by considering rehabilitation, an impermissible factor, in selecting her revocation sentence. She also argues that her 12-month revocation sentence, which is above the range recommended by the Sentencing Guidelines' policy statements, is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11066

unreasonable. This court reviews a sentence of imprisonment imposed upon revocation of a term of supervised release under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

After announcing the revocation sentence, the district court stated that Chandler's "refusal to appropriately address her substance abuse problem makes her a risk to the community." The court went on to explain that "[a] sentence of 12 months will serve to address the violation conduct committed by her and as a deterrent from further criminal activity." Defense counsel objected to the revocation sentence "to the extent the [c]ourt lengthened the sentence for the purposes of fostering defendant's rehabilitation."

Nothing in the district court's explanation at the revocation hearing indicates that it increased Chandler's revocation sentence for purposes of rehabilitation or that rehabilitation was a "dominant factor" in the court's selection of a sentence. *See United States v. Culbertson*, 712 F.3d 235, 240 (5th Cir. 2013). It is clear from the court's statements at the revocation hearing that a desire to protect the public and to deter further criminal activity were the dominant factors in the court's 18 U.S.C. § 3553(a) analysis. Chandler's claim of procedural error is without merit.

Chandler claims that her sentence is substantively unreasonable because the district court gave significant weight to an improper factor—the need for rehabilitation—and made a clear error in judgment in balancing the § 3553(a) factors. *See United States v. Warren,* 720 F.3d 321, 332 (5th Cir. 2013). As already discussed, the district court's revocation sentence was not improperly informed by Chandler's need for rehabilitation and the court appropriately applied the relevant § 3553(a) factors to the facts of Chandler's case.

The judgment of the district court is AFFIRMED.