# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 18-30766
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FREDERICK JOHNSON,

Defendant - Appellant

———

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-136-1

———

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederick Johnson contests the consecutive 24 and 36-month sentences imposed following the revocation of his supervised-release term. The district court ordered those two sentences to run consecutively not only to each other, but also to a state sentence he was serving.

Johnson asserts: under the circumstances of the case and the state court's express instruction that his state sentence be served concurrently with

———

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

a federal revocation sentence, his revocation sentence was substantively unreasonable. He contends the district court ignored the need to take into consideration unwarranted disparities between his sentence and the sentences of similarly-situated defendants and failed to properly take into account the need to provide deterrence from future criminal conduct; the need to protect the public; and the need to provide educational or vocational training, medical care, or other correctional treatment. Additionally, Johnson contends the district court failed to properly balance the 18 U.S.C. § 3553(a) factors.

We review the revocation sentences at issue under the "plainly unreasonable standard". *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted). Johnson seeks to preserve for further review his contention that the "plainly unreasonable" standard should not apply to such sentences. As he concedes, however, this contention is foreclosed by circuit precedent. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Additionally, given the deference owed the district court's sentencing decision, Johnson has not established his sentence is substantively unreasonable. *See id.*

AFFIRMED.