**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 21, 2011

No. 10-30883
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACY AUBERT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-60-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Tracy Aubert appeals as substantively unreasonable the sentence imposed upon the revocation of supervised release. Aubert's supervised release was revoked after he failed to complete a drug treatment program. The district court upwardly varied from the advisory range guideline range of four to ten months and imposed a statutory maximum sentence of 36 months of imprisonment.

Aubert contends that his expulsion from the drug treatment program was due in part to the probation officer's refusal to approve a request for additional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment sessions.  He argues that a statutory maximum sentence was unreasonable given that he was only partially to blame for his failure to succeed in the program.  Aubert also contends that his sentence is unconstitutional, and hence substantively unreasonable, because he was punished on account of his addiction to drugs.

In imposing sentence, the district court took note of Aubert's criminal offenses during his term of supervision, the nature and frequency of supervised release violations, and Aubert's continued need for drug treatment and education or vocational training.  The district court indicated that in light of Aubert's failure to complete a drug rehabilitation program during his supervised release he would benefit from a longer and more intensive drug treatment program in a prison setting.  Aubert has not shown that the district court's sentence was plainly unreasonable.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

AFFIRMED.