# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SMITHEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CR-89-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Smithey appeals the sentence imposed upon revocation of his supervised release. The district court varied upward from the advisory range by sentencing Smithey to 24 months in prison, and he objects that this sentence is substantively unreasonable because it is greater than necessary and fails to reflect due consideration of mitigating factors. Smithey also contends that the sentence contravenes the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60349

Applying the "plainly unreasonable" standard, we review Smithey's claim of substantive unreasonableness by asking whether the district court abused its discretion. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The record indicates the court took note of the advisory sentencing range and listened to mitigating factors presented by Smithey and his counsel. Against this, however, the court emphasized the extent to which Smithey had violated his conditions of supervised release. The court also referred to Smithey's history and characteristics, which included failure to abide by terms of supervised release in a prior proceeding and misrepresentations made in this proceeding. We find no error in the district court's consideration of these factors and will not second-guess its decision to weigh them as it did. *See* 18 U.S.C. § 3583(e)(3); *Miller*, 634 F.3d at 843 (observing that "the goal of revocation is to punish a defendant for violating the terms of the supervised release"); *Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

In *Haymond* the Supreme Court found the imposition of a mandatory minimum sentence under 18 U.S.C. § 3583(k) unconstitutional because it was based on findings made by a judge using a preponderance standard. *Haymond*, 139 S. Ct. at 2375–79. Both the plurality in *Haymond* and Justice Breyer, in his concurrence, expressly stated the decision was limited to § 3583(k). *See* 139 S. Ct. at 2383–84; *id.* at 2386 (Breyer, J., concurring). That provision played no role here; Smithey's sentencing involved no mandatory minimum or other departure from the terms of § 3583(e). We accordingly reject his arguments and AFFIRM the sentence of the district court.