# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2021

Lyle W. Cayce
Clerk

No. 21-20060
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GARY POWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CR-465-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Gary Powell appeals the 24-month sentence imposed following the revocation of his term of supervised release stemming from his 2011 conviction of being a felon in possession of ammunition. He posits that the sentence is based on an improper assumption regarding mental health treatment. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

parties also request a limited remand for correction of an omission in the judgment.

This court reviews Powell's revocation sentence under a "plainly unreasonable" standard. 18 U.S.C. § 3742(a)(4); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). A revocation sentence is substantively unreasonable where the district court did not take into account a factor that was entitled to significant weight, gave significant weight to factors that were irrelevant or improper, or made a clear error in judgment when balancing sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The record reflects that the sentence imposed was based on Powell's poor record on supervision and the violent nature of the offense underlying the revocation, factors that were appropriate for the district court to consider in imposing the revocation sentence. *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(e). Although Powell contends the court gave insufficient weight to his need for mental health treatment and the limited options he might have for such treatment in prison, the court's balancing of factors did not render the sentence plainly unreasonable. *See Warren*, 720 F.3d at 332.

The judgment is AFFIRMED.

The district court stated at sentencing that it would recommend that Powell receive mental health treatment while incarcerated. Because the judgment does not contain that recommendation, the case is REMANDED for the limited purpose of correcting the omission. *See* Fed. R. Crim. P. 36.