# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-30793
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Percel Gomez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-53-1

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Percel Gomez pleaded guilty to conspiracy to distribute, and possess with intent to distribute, 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). He was sentenced in June 2021 to time-served and 21 months of supervised release.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30793

In August 2022, Gomez' probation officer filed a petition asserting Gomez violated the conditions of his supervised release by: committing a state crime and possessing a controlled substance; knowingly communicating or interacting with a convicted felon without permission of his probation officer; and failing to report within 72 hours that he was questioned by a law-enforcement officer. The district court revoked Gomez' supervised release and imposed an above-Guidelines 24-months' sentence.

Gomez contests the sentence as plainly unreasonable, asserting the court erred in balancing the 18 U.S.C. §§ 3553(a) (sentencing) and 3583(e) (revocation) factors. He highlights his severe medical condition and the Government's failure to contest the mitigating evidence or advocate for a departure.

Our court reviews challenges to revocation sentences under a two-step "plainly unreasonable" standard. *See* 18 U.S.C. § 3742(a)(4) (review of sentence); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (adopting "plainly unreasonable" standard for revocation sentences). First, we review for significant procedural error or substantive unreasonableness. *E.g.*, *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018). If there is error, our court considers whether "the identified error is obvious under existing law, such that the sentence is not just unreasonable but *plainly* unreasonable". *Id.* (emphasis in original) (citation omitted).

A sentence outside the Sentencing Guidelines range is substantively unreasonable "only if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors". *Id.* at 685.

Although Gomez' medical issues are severe, he fails to show the court abused its discretion in weighing the factors. Before imposing sentence, it

considered Gomez' serious medical condition, including a suitable medical center for federal prisoners being available; his history and characteristics, including his continued distribution of narcotics; the need for adequate deterrence; and the Guidelines commentary. *See* Guideline § 7B1.4, p.s., cmt. n.4.

Further, assuming Gomez preserved the issues, the Government's failure to contest the mitigating evidence or request an above-Guidelines sentence are not statutory sentencing factors under 18 U.S.C. §§ 3553(a) or 3583(e) and does not render the sentence unreasonable. *See Sanchez*, 900 F.3d at 685 (unaccounted-for factor is reason for vacating sentence). Finally, the court's departure is not error as a matter of law because our court has routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *E.g.*, *United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012) (affirming revocation sentence that was statutory maximum and more than five times above top of Guidelines sentencing range).

AFFIRMED.